FINAL COPY
294 Ga. 604

S13Y1655.  IN THE MATTER OF JOHN V. LLOYD.

PER CURIAM.

This disciplinary matter is before the Court on the amended petition for voluntary discipline filed by Respondent John V. Lloyd (State Bar No. 455310) after this Court rejected his initial petition for voluntary discipline, see In the Matter of Lloyd, 293 Ga. 155 (744 SE2d 63) (2013).  Lloyd requests either a Review Panel reprimand or a public reprimand, with conditions, for his admitted violations of Rules 1.4 and 1.16 (d) of the Georgia Rules of Professional Conduct, see Bar Rule 4-102 (d).  The State Bar recommends accepting Lloyd's amended petition, asserting that the discipline requested therein is appropriate for his admitted violations.  We agree.

As noted in our earlier opinion, Lloyd admitted in his original petition that he was paid $4,500 to represent a criminal defendant in an appeal, but by the time he entered an appearance, the appeal already had been dismissed.  Lloyd, 293 Ga. at 155.  Lloyd asserted that he had done some work before he realized the appeal had been dismissed, but admitted that he did not earn the full $4,500

he had been paid. Lloyd further admitted that he only refunded $375 to his client and asserted, without any explanation, that he was unable to refund any more. This Court rejected Lloyd's petition finding it "woefully inadequate" in explaining the amount of work performed or the reasons that only $375 had been offered to the client. Id. at 156.

Lloyd then filed this amended petition for voluntary discipline, contending that the employment agreement between him and his client was fully honored because it only required him to file an entry of appearance in the criminal appeal and to review the appellate decision issued to determine if any further legal action in the appellate courts had merit – both of which he contends he did. Lloyd claims that, after discussing with his client his conclusion that further legal action lacked merit, he agreed to go beyond the employment agreement by researching federal habeas corpus law. After performing that research and advising his client that such an action likely would not succeed, the client allegedly demanded a full refund. Lloyd claims that he responded by offering to refund $375 as a gesture of goodwill and because he was disappointed that he could not find any substantive help for his client's situation. Lloyd explains that he could not offer more because his personal and business income had been

2

reduced by his preparations to retire due to his wife's and his health issues.

As before, Lloyd admits that he has violated Rules 1.4 and 1.16 (d), the maximum sanction for which is a public reprimand. He now requests that the Court accept his amended petition for voluntary discipline and impose either a Review Panel or a public reprimand conditioned on either the payment of $1,000 or the submission to binding fee arbitration. In light of the aggravating and mitigating factors set out in our earlier opinion, see Lloyd, 293 Ga. at 156, we hereby accept Lloyd's petition for voluntary discipline and order that, for his violation of Rules 1.4 and 1.16 (d), he receive a public reprimand pursuant to Bar Rules 4-102 (b) (3) and 4-220 (c) and that he submit to binding fee arbitration pursuant to the State Bar of Georgia's Fee Arbitration Program.

Petition for voluntary discipline accepted. Public reprimand with conditions. All the Justices concur.

Decided February 24, 2014.

Public reprimand.

Paula J. Frederick, General Counsel State Bar, Jenny K. Mittelman, Assistant General Counsel State Bar, for State Bar of Georgia.

3